**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **TARA BROOKY,**<br>**34 E. Preston Street**<br>**Apt. 3**<br>**Baltimore, MD 21202**<br><br>***Plaintiff*,**<br><br>***v.***<br><br>**NEW VENTURE FUND**<br>**1828 L Street, NW, Suite 300**<br>**Washington, DC 20036**<br><br>**PROTECT OUR CARE**<br>**80 M Street, SE**<br>**Washington, DC 20003**<br><br>**And**<br><br>**SIXTEEN THIRTEEN FUND**<br>**1828 L Street, NW Suite 400-B**<br>**Washington, DC 20036**<br><br>***Defendants.*** | **Case No. 1:26-cv-03590**<br>**Judge: Hon. Trevor McFadden** |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE HER COMPLAINT OUT OF TIME**

Plaintiff, by and through undersigned counsel, hereby submits her motion for leave to file her complaint in the above-captioned matter out of time. Due to unforeseen delays out of Plaintiff and her counsel's control, caused by undersigned counsel's acute medical condition and technical issue in the filing process that prevented completion of the filing process, Plaintiff was

unable to file her complaint until 9:30 AM on October 15, 2026, nine and a half hours after the expiration of the Notice of Right to Sue period had expired on October 14, 2026. Plaintiff requests that the filing deadline be equitably tolled in this instance given the unforeseen and extraordinary circumstances that caused her delay in filing. Further, given that the delay largely occurred in the middle of the night and early in the morning of October 15, 2026, there is no prejudice to Defendants' ability to present its defenses to Plaintiff's claims. Counsel for Defendant has indicated Defendant will oppose Plaintiff's motion.

## I. BACKGROUND

On July 16, 2026, the Equal Employment Opportunity Commission (EEOC) issued Plaintiff a Notice of Right to Sue via the EEOC's electronic public portal. The 90-day period within which to file suit was set to expire on October 14, 2026. *See* Exhibit 1, Declaration of Peter E. Mina at ¶2.

Due to arthritic pain in his lower back and sciatica in his left leg, undersigned counsel was in physical therapy, including traction, on October 14, 2026. *Id.* at ¶3. As a result of these conditions, undersigned counsel was in significant pain and was limited in his movement, and sitting for any extended period of time was particularly difficult. Unfortunately, as a solo-practitioner, counsel did not have another attorney to assist in completing the filing of the complaint. *Id*.

While undersigned counsel's condition significantly hampered his ability to do so, he did his best to file Plaintiff's complaint in a timely manner. *Id*. at ¶**4.** As counsel was attempting to file Ms. Brooky's complaint via ECF, he was unable to complete payment of the filing fee which was preceding step before the filing could be completed. *Id*. at ¶5. Each time counsel attempted to make payment, he received an error message from PACER, where payment is completed, indicating that he was unable to log in because the connection failed. *Id*. With each failure to

complete payment, when counsel returned to ECF, he had to restart the filing process. *Id*. Counsel attempted to complete payment several times into the early morning of October 15, 2026. *Id*. Because of the connection error counsel received, he tried filing using a different wi-fi network in case the problem was his own internet connectivity, but the problem persisted even while using this second network. *Id*. Counsel also visited other websites to verify that his connection was active. *Id*. At approximately 1:45 AM on October 15, 2026, counsel recognized that he was not going to be able to successfully file without assistance from the PACER help desk or the Clerk's Office. *Id*. To the best of counsel's recollection, there was no indication on either the Court's website, the ECF system, or PACER, that there would be any outages or other technical issues on October 14, 2026, or any time thereafter, as he was attempting to file. *Id*.

On the morning of October 15, 2026, counsel called the PACER help desk for assistance but was faced with a lengthy wait time given the number of callers. *Id*. at ¶6. Shortly after 9:00 AM, counsel contacted the Clerk's Office to request assistance regarding the error he received when attempting to complete payment. When counsel explained the issue that he faced in his attempts to file, a representative of the clerk's office told counsel that there may have been a glitch, or words to that effect. *Id*. The representative assisted counsel by providing a workaround to address counsel's problem in completing payment in order for him to successfully file Plaintiff's complaint at 9:30 AM on October 15, 2026. *Id.* Because a judge had not yet been assigned to this matter, counsel asked the representative how he should notify the court of the issue presented in filing. *Id.* at ¶7. The representative advised counsel to either file a notice or a motion. *Id.* Recognizing the significance of the applicable statute of limitations at issue here, counsel elected to file a motion and notify defendant of the issue in good faith. *Id.*

## II. ARGUMENT

The ninety (90) day notice of right to sue deadline of October 14, 2026, should be equitably tolled and Plaintiff's complaint should be accepted as filed, due to the unforeseen and extraordinary circumstances that delayed filing by only nine and a half hours. This circuit has held that the EEOC's Notice of Right to Sue is a statute of limitations, not a jurisdictional requirement, and is subject to waiver and equitable tolling. *Smith-Haynie v. District of Columbia*, 155 F.3d 575, 579 (D.C. Cir. 1998) citing *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 104 S.Ct. 1723, (1984) (per curiam); *Gordon v. National Youth Work Alliance*, 675 F.2d 356, 360 (D.C.Cir.1982); cf. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 111 (1990) (Title VII's time limits for filing suit against the government subject to waiver and equitable considerations). Further, this circuit has held that a court's "equitable power to toll the statute of limitations will be exercised only in extraordinary and carefully circumscribed instances." *Mondy v. Secretary of Army*, 845 F.2d 1051, 1057 (D.C. Cir. 1988).

In this case, Plaintiff's brief delay, occurring largely in the middle of the night and early morning of October 15, 2026, resulted from a combination of the unforeseen circumstances of a medical condition that caused counsel pain significant enough to warrant traction coupled with a technical barrier that precluded filing by the statutory deadline set in the EEOC's Notice of Right to Sue. As the Court stated in *Mondy,* regarding the analogous time limit for Title VII claims, "[i]n finding the Title VII filing limit non-jurisdictional, we do not suggest, of course, that it may be disregarded with impunity." *Id*. Counsel does not suggest that every technical issue presented at filing justifies equitable tolling, but rather that this technical bar to filing coupled with the significant and acute medical condition of counsel that required traction on the day of filing, distinguishes the present circumstances as being of the extraordinary variety contemplated by previous decisions of this Circuit. Also, as to the technical bar counsel faced in completing the

filing of Plaintiff's complaint, Local Rule 5.4(g)(4) and this Court's Standing Order at 5(H) allow for the possibility that such a circumstance could constitute "good cause" for an enlargement of time.

Further, given these extraordinary and circumscribed circumstances, Defendant is unable to show how such a brief delay occurring in the early morning hours of October 15, 2026, prejudices its ability to present its defenses to Plaintiff's claims. To this end, the parties have engaged in settlement discussions following Plaintiff's filing of her complaint.

For all of these reasons, Plaintiff's Motion to File Her Complaint Out of Time should be granted.

Dated: October 20, 2026

Respectfully submitted,

/s/ Peter E. Mina

Peter E. Mina
The Mina Firm P.L.L.C.
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 216-0035
Peter@theminafirm.com
DC Bar #494239
*Counsel for Plaintiff Tara Brooky*